UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARMAINE WEATHERSPOON,

                            Plaintiff,        CIVIL CASE NO. 04-40184

v.

NORTH OAKLAND GENERAL HOSPITAL,        HONORABLE PAUL V. GADOLA
et al.,        U.S. DISTRICT JUDGE

                          Defendants.

_____/

**<u>ORDER GRANTING DEFENDANT SODEXHO USA'S MOTION TO DISMISS</u>**

Before the Court is Defendant Sodexho USA's motion to dismiss for failure to state a claim upon which relief can be granted, filed on June 29, 2005. A hearing on this motion was held on November 21, 2005. With the Court's permission, parties filed supplemental briefs. For the following reasons, the Court will grant Defendant Sodexho USA's motion to dismiss.

**I.      Background**

In September 2002, Plaintiff Charmaine Weatherspoon began working for Defendant North Oakland Medical Center ("NOMC") as a cashier in NOMC's cafeteria. Defendant Sodexho USA ("Sodexho") had a contract with NOMC to oversee NOMC's food service operations, which included the cafeteria where Plaintiff worked. During the time that Plaintiff worked at the medical center, Plaintiff was always employed by NOMC and was not an employee of Sodexho. While working in the cafeteria from May 2003 to September 2003, Plaintiff alleges that she was sexually harassed by Defendant Damon Wright, a member of NOMC's maintenance staff. Defendant Wright

was an employee of NOMC during the time period of the alleged harassment and was never employed by Sodexho. Plaintiff allegedly complained of the harassment to her supervisors, including several Sodexho employees and Delores Burton, NOMC's Director of Human Resources. Shortly thereafter, on September 10, 2003, Plaintiff was discharged from her employment.

On October 28, 2003, Plaintiff filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC") against NOMC. Sodexho was not named in the EEOC charge. Plaintiff alleges that Sodexho was aware of the EEOC charge because Sodexho employees participated in the EEOC investigation and mediation proceedings. In her Response, Plaintiff alleges that Sodexho employee Don Drabik was present during a 2-hour mediation that occurred as part of the EEOC proceedings. On June 8, 2004, at the conclusion of the proceedings, Plaintiff received a right-to-sue letter from the EEOC, naming only NOMC. Claiming violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, Plaintiff filed a complaint against NOMC in this Court on July 6, 2004, without naming Sodexho as a defendant. On May 13, 2005, in an amended complaint, Sodexho was finally added as a defendant after some months of discovery and after the Court granted Plaintiff's motion to file an amended complaint. On June 29, 2005, Sodexho then filed this motion requesting to be dismissed from this lawsuit pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

**II.     Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) authorizes the district courts to dismiss any complaint that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) allows a defendant to test whether, as a matter of law, the plaintiff is entitled to legal

relief even if everything alleged in the complaint is true. *See Minger v. Green*, 239 F.3d 793, 797 (6th Cir. 2001) (citations omitted). In applying the standards under Rule 12(b)(6), the Court must presume all well-pleaded factual allegations in the complaint to be true and draw all reasonable inferences from those allegations in favor of the non-moving party. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).

The Court will not, however, presume the truthfulness of any legal conclusion, opinion, or deduction, even if it is couched as a factual allegation. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). The Court will not dismiss a cause of action "for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Although the pleading standard is liberal, bald assertions and conclusions of law will not enable a complaint to survive a motion pursuant to Rule 12(b)(6). *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). To determine whether Plaintiff has stated a claim, the Court will examine the complaint and any written instruments that are attached as exhibits to the pleading. Fed. R. Civ. P. 12(b)(6) & 10(c).

**III.   Analysis**

Sodexho gives two arguments for why it should be dismissed as a party from this action: (1) because Plaintiff failed to exhaust the administrative remedies required under Title VII claims with regard to Sodexho; and (2) because Sodexho did not take an adverse employment action against Plaintiff.

For its first argument, Sodexho argues that Plaintiff is barred from filing suit against Sodexho because Plaintiff has not exhausted the required administrative remedies by failing to name Sodexho

in the EEOC charge.

>As a general rule,
>
>an administrative charge must be filed with the EEOC before a discrimination plaintiff can bring a Title VII action in federal district court. A corollary of this general rule is that a party must be named in the EEOC charge before that party may be sued under Title VII "unless there is a clear identity of interest between [the unnamed party] and a party named in the EEOC charge. . . ."

*Romain v. Kurek*, 836 F.2d 241, 245 (6th Cir. 1987) (citing *Jones v. Truck Drivers Local Union No. 299*, 748 F.2d 1083, 1086 (6th Cir. 1984)).

This requirement for plaintiffs to name the defendants in their EEOC charge before filing suit has two purposes.

>First, the charge serves to notify the defendant of the discrimination claim alleged against him. . . . Second, by naming the charged party and bringing him before the EEOC, that person is able to participate in conciliation efforts directed at securing voluntary compliance with the Act. Conciliation is a primary goal of Title VII and provides an avenue for compliance without the resort to the expense and inconvenience of litigation.

*Id.*

An exception to the general rule requiring the naming of the defendants in an EEOC charge is if there is an "identity of interest" between the named defendants and the unnamed party. In the *Romain* case, the Sixth Circuit gave two different tests for determining whether an identity of interest exists. Under the first test, taken from the Seventh Circuit, an identity of interest is found "where the unnamed party has been provided with adequate notice of the charge under circumstances which afford him an opportunity to participate in conciliation proceedings aimed at voluntary compliance." *Id.* (citing *Eggleston v. Chicago Journeymen Plumbers' Local Union No.*

*130*, 657 F.2d 890, 905 (7th Cir. 1981) cert. denied sub nom. *Chicago Journeymen Plumbers' Local Union No. 130 v. Plummer*, 455 U.S. 1017 (1982)).

The second test, adopted from the Third Circuit, lists four factors for determining whether the "identity of interest" exception applies:

> (1) Whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint;
> (2) Whether, under the circumstances, the interests of a named are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings;
> (3) Whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party;
> (4) Whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Id.* at 246 (citing *Glus v. G. C. Murphy Co.*, 562 F.2d 880, 888 (3d Cir. 1977)).  The Sixth Circuit has also stated that the identity of interest "implies that the named and unnamed parties are virtual alter egos . . . [and not] two distinct entities with different business operations."  *Knafel v. Pepsi-Cola Bottlers, Inc.*, 899 F.2d 1473, 1481 (6th Cir. 1990).

Plaintiff argues that the first test is satisfied as Sodexho had notice of the EEOC complaint and participated in the EEOC investigation, through the involvement of Don Drabik at the mediation proceedings.  Mere notice of the EEOC investigation, however, is insufficient to satisfy the test.  In addition to adequate notice, the circumstances must be such as to provide the unnamed party "an opportunity to participate in conciliation proceedings aimed at voluntary compliance." Plaintiff does not allege that Don Drabik appeared at the proceedings on behalf of Sodexho, but merely that Drabik participated in the hearings.  Defendant's Reply states that Drabik participated in the proceedings as a witness testifying in a fact-finding hearing.  An employee's attendance as a witness at a

5

mediation proceeding for resolving Plaintiff's claims against NOMC is insufficient to create an identity of interest because Sodexho was not provided an opportunity to conciliate with Plaintiff on its own behalf.

When considering the second test containing four factors, Plaintiff has failed to demonstrate that the "identity of interest" exception applies. First, Plaintiff claims that she did not name Sodexho in the EEOC charge because at the time of filing, she did not have an attorney and had no knowledge that some of the Sodexho supervisors worked for Sodexho and not NOMC. Not having an attorney by itself, however, does not excuse a reasonable effort to ascertain the role of an unnamed party before filing an EEOC complaint. Furthermore, Plaintiff makes no allegations that Sodexho employees misrepresented their employment or hid the identity of their employer. Since there is no allegation indicating that Plaintiff would not have discovered the identity of the employer of certain Sodexho employees through a reasonable effort, the first factor is not satisfied.

The second factor is not satisfied because the interests of NOMC and Sodexho are not so similar that it would be unnecessary to include Sodexho in the EEOC proceedings in order to obtain voluntary conciliation of Plaintiff's claims. In other words, NOMC's and Sodexho's interests are sufficiently dissimilar such that Sodexho should have been named in the EEOC complaint. Sodexho and NOMC are separate institutions having separate interests. Though they have a contract with each other, NOMC's interests are not so similar to Sodexho's that Sodexho would be adequately represented by NOMC in an EEOC proceeding where Plaintiff had potential claims against both NOMC and Sodexho.

The third factor is not satisfied because Sodexho was prejudiced by not having the

opportunity to attempt conciliation with Plaintiff on behalf of Sodexho itself. Plaintiff alleges that Sodexho provided documentation to the EEOC concerning the harassment claims, and that Sodexho employees were present at portions of the EEOC proceedings. This is not sufficient, however, as Sodexho's alleged involvement in the proceedings was as an outside third-party and not as an interested party working to resolve any potential claims that Plaintiff had against Sodexho itself.

Lastly, the fourth factor is not satisfied, as Plaintiff does not allege that any Sodexho employee represented to Plaintiff that its relationship with Plaintiff was through NOMC. Plaintiff only alleges that Sodexho failed to communicate to Plaintiff that they were not employees of NOMC. A failure to communicate a fact, when there is no obligation to communicate this fact, is not equivalent to an actual misrepresentation of a contrary fact. Moreover, NOMC and Sodexho are not "virtual alter egos. . . . They are two distinct entities with different business operations." *Knafel*, 899 F.2d at 1481. The tests establishing an "identity of interest" between NOMC and Sodexho have not been shown.

In support of her position, Plaintiff cites the case of *Mailand v. Girl Scouts of the USA*, No. 93-949, 1994 U.S. Dist. LEXIS 8290 (W.D. Mich. Apr. 11, 1994), an unpublished case of another jurisdiction, not binding on this Court. In *Mailand*, the plaintiff named the local chapter of the Girl Scouts in the EEOC complaint. When the plaintiff later filed suit, the national organization of the Girl Scouts and the executive director of the local chapter were named as additional defendants. The *Mailand* court found that the tests for an identity of interest between all the defendants were satisfied, noting that the national organization had "extensive communication" with the local chapter and had "extensive involvement" in the decision-making of the local chapter. The court also noted

7

that the executive director had actual notice of the EEOC charge and was mentioned several times in the EEOC charge as being the one who had perpetrated the alleged discrimination against the plaintiff.

The facts of *Mailand* are distinguishable from the instant case.  Though Sodexho had some notice of the EEOC proceedings through its employees who were involved as third-parties in various sessions of the EEOC investigation, neither Sodexho nor any Sodexho employee was charged by Plaintiff in the EEOC complaint of being perpetrators of the alleged discrimination.  In addition, Sodexho does not have an "extensive" relationship with NOMC comparable to the local chapter and national organization of the Girls Scouts in the *Mailand* case.  Plaintiff's reliance on *Mailand* is not compelling.  If anything, the *Mailand* case demonstrates a relationship in which "the name and unnamed parties are virtual alter egos," a relationship which does not exist in the present case. *Knafel*, 899 F.2d at 1481.  Therefore, Plaintiff has failed to sufficiently allege an "identity of interest" between NOMC and Sodexho that would create an exception to the general requirement of exhaustion of EEOC administrative remedies.  Consequently, Plaintiff cannot bring her current Title VII claims against Sodexho.

Because Sodexho's motion to dismiss is granted on account of Plaintiff's failure to exhaust the EEOC administrative remedies, the Court declines to consider Sodexho's second argument that Plaintiff's complaint fails to properly allege adverse employment action by Sodexho.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant Sodexho USA's motion to dismiss [docket entry 55] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Sodexho USA is hereby **DISMISSED** from

this action.

**SO ORDERED.**

Dated: January 17, 2006   s/Paul V. Gadola
                         HONORABLE PAUL V. GADOLA
                         UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   January 17, 2006  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
  Thomas W. Barlow; Holly C. Beatty; Bruce A. Miller; Angela M. Pippi; Marlo J. Roebuck; Daniel G. Romano; Carly A. Van Thomme; Patricia L. Worrall           , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                      John M. .Lucas                                      .


                                s/Ruth A. Brissaud
                                Ruth A. Brissaud, Case Manager
                                (810) 341-7845